IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01133–KT–CBS

COORSTEK, INC.,

      Plaintiff,

v.

STEVEN F. REIBER and
MARY L. REIBER,

      Defendants and Counterclaimants,

v.

COORSTEK, INC.,

      Counterdefendant.

---

**DEFENDANTS' OPPOSITION TO COORSTEK, INC.'S EXPEDITED
MOTION TO COMPEL DISCOVERY OF COMMUNICATIONS
BETWEEN ROBERT ATKIN AND DEFENDANTS' PATENT COUNSEL
[REDACTED FOR PUBLIC FILING]**

---

**TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................. 1

II.    STATEMENT OF FACTS ................................................................................. 2

    A.   Atkin's Involvement as a Principal in PE Ceramics ...................................... 2

    B.   Relationship between Atkin and the Reibers .................................................. 3

    C.   Atkin's Testimony in Prior ITC Litigation .................................................... 4

    D.   Atkin's Testimony In This Litigation ............................................................. 5

    E.   The Current Litigation Between the Reibers and Atkin in California ............ 5

    F.   CoorsTek's Motion to Compel and Its Requested Relief ............................... 5

III.   ARGUMENT ...................................................................................................... 7

    A.   CoorsTek's Motion Is Not Property Before This Court. ................................ 7

    B.   Even Assuming CoorsTek's Motion Was Properly Before This Court, CoorsTek's Motion Lacks Legal and Factual Merit .......................................................... 7

       1.   CoorsTek's Requested Relief for Further Examination of Atkin Is Improper. .......... 8

       2.   CoorsTek's Motion is Falsely Premised on a Fact Determination Which is Currently Being Litigated in California State Court. .................................................... 9

       3.   There Has Not Been a Waiver of the Attorney-Client Privilege Protecting Atkin's Communications with the Reibers' Patent Counsel .................................. 11

    C.   Sanctions Against CoorsTek Should Be Provided to the Reibers. ............... 14

IV.   CONCLUSION ............................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**

*H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*,
   536 F.2d 1115 (6th Cir. 1976) ................................................................................. 14

*Horton v. United States*,
   204 F.R.D. 670 (D.Colo. 2002) ............................................................................... 10

*In Re Bieter Co.*,
   16 F.3d 929 (8th Cir. 1994) ..................................................................................... 10

*In re Sealed Case*,
   141 F.3d 337,  (D.C. Cir. 1998) ................................................................................. 7

*McCaugherty v. Siffermann*,
   132 F.R.D. 234 (N.D.Cal.1990) ............................................................................... 10

**Statutes**

FED. R. CIV. P. 37(a)(2) ............................................................................................... 1

FED. R. CIV. P. 37(a)(5) ............................................................................................. 14

Rule 37 of the Federal Rules of Civil Procedure ................................................. 1, 7, 14

**Other Authorities**

Adv. Comm. Notes to 1970 Amendment to former FED. R. CIV. P. 37(a)(4)                7

Defendants Steven F. Reiber and Mary L. Reiber (the "Reibers"), by and through their counsel Carr & Ferrell LLP, hereby submit the following Opposition to CoorsTek's Expedited Motion to Compel Discovery of Communications Between Robert Atkin and Defendants' Patent Counsel ("Motion").

## I.    <u>INTRODUCTION</u>

CoorsTek, Inc. ("CoorsTek")'s Motion to compel deposition testimony from third party Robert Atkin must be denied because CoorsTek has brought this motion in the wrong court. Rule 37 of the Federal Rules of Civil Procedure specifies that a motion to compel discovery from "a nonparty must be made in the court where the discovery is or will be taken." FED. R. CIV. P. 37(a)(2). The deposition subpoena at issue here was issued by the U.S. District Court for the Central District of California and the deposition took place in Palo Alto, California. As a result, this Court lacks jurisdiction to grant CoorsTek's requested relief. Moreover, even assuming that CoorsTek had brought this motion in the proper court, CoorsTek lacks a legal and factual basis to support its request that a nonparty witness who was deposed for a full seven hours by CoorsTek (and was previously deposed in prior litigation on the same issues) should be subject to further deposition regarding attorney-client protected communications. The fact that the Reibers—the very party whose privilege CoorsTek seeks to invade—were not allowed to cross-examine the witness despite numerous requests for such an opportunity further lends to the need to deny CoorsTek's motion. All of this is in addition to the fact that the Reibers never waived privilege.

## II.    STATEMENT OF FACTS

**A.    Atkin's Involvement as a Principal in PE Ceramics**

**B.**    <u>**Relationship between Atkin and the Reibers**</u>

███████████████████████████████████████████████████████

█████████████████████████████ In performing these services, Atkin represented that he

was a principal of PE Ceramics, including providing the Reibers with a business card indicating

the same.  *See* Ex. C (Atkin PE Ceramics Business Card);  *see also* Ex. M (Declaration of Mary

Reiber); Ex. L (Declaration of Steven Reiber).

**C.**     **Atkin's Testimony in Prior ITC Litigation**

        During a previous proceeding before the International Trade Commission ("ITC")

involving the Reibers' patents, ITC Investigation No. 337-TA-616, Atkin was subpoenaed and

deposed on April 15, 2008 as to his involvement with PE Ceramics, the Reibers, the facts set

forth *supra* in sections A and B, and the facts at issue in this motion. ████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████

      ████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████

**D.    Atkin's Testimony In This Litigation**

Despite his extensive testimony in the prior ITC litigation (and CoorsTek's review of and reliance on the same), Atkin was again subpoenaed and deposed on November 6, 2009 as to his involvement with PE Ceramics, the Reibers, the facts set forth *supra* in sections A and B, and the facts at issue in this motion.  The subpoena for that deposition was signed by CoorsTek's counsel and issued out of the U.S. District Court for the Central District of California.  *See* Ex. J (Subpoena).

███████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████

**E.    The Current Litigation Between the Reibers and Atkin in California**

The Reibers and Atkin are currently in litigation in California state court.  The Reibers filed a complaint for declaratory relief that Atkin does not have an ownership interest in certain of the Patents-in-Suit on December 10, 2008. *See* Ex. H (California Complaint).  The Reibers filed a motion for summary judgment against Atkin on August 8, 2009, which is scheduled to be heard on December 22, 2009.  *See* Ex. I (Notice of Motion).

**F.    CoorsTek's Motion to Compel and Its Requested Relief**

CoorsTek filed this Motion on November 25, 2009.  CoorsTek requests that because "the

Reibers' instruction to Dr. Atkin not to answer questions regarding his communications with the

Reibers' Patent Counsel was improper . . . CoorsTek is entitled to discover the nature and

content of those communications." *See* Motion, p. 20. ███████████████

████████████████████████████████████████

████████████████████

    1.   ████████████████████████████████████████

            ██████████████████████████████████

            ████████████████████████████████████████

            ████████████████████████████████████████

            ████████████████

    2.   █████████████████████████████████████████

            ██████████████████████████████████████

            ███████████████████

    3.   ████████████████████████████████████████

            ███████████████████████████████████████

            █████

    4.   ████████████████████████████████████████

            ███████████████████████████████████████

            ███████████████

    5.   ████████████████████████████████████████

            ███████████████████████████████████████

            █████████████████████████

6. 

7.

## III.    ARGUMENT

**A.    CoorsTek's Motion Is Not Property Before This Court.**

Rule 37 of the Federal Rules of Civil Procedure clearly states that a motion to compel discovery from "a nonparty must be made in the court where the discovery is or will be taken." FED.R.CIV.P. 37(a)(2).  Rule 45 similarly provides that motions to enforce deposition subpoenas are brought in the court which issued the subpoena. FED.R.CIV.P. 45(c)(2)(B)(i) and 45(c)(3)(A). The "language [of Rule 45] suggests that only the issuing court has the power to act on its subpoenas," and "nothing in the Rules even hints that any other court may be given the power to . . . enforce them." *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998).

Here, the U.S. District Court for the Central District of California issued the subpoena to Atkin.  *See* Ex. J (Subpoena).  The deposition of Atkin took place in Palo Alto, California. *See* Ex. A (Atkin 11/6/09 Dep.).  As a result, this Court lacks jurisdiction to grant CoorsTek's requested relief, and CoorsTek has improperly brought this motion in this Court despite language in the Federal Rules of Civil Procedure expressly prohibiting such action.

**B.    Even Assuming CoorsTek's Motion Was Properly Before This Court, CoorsTek's Motion Lacks Legal and Factual Merit.**

CoorsTek lacks a legal and factual basis to support its request that a nonparty subpoenaed

7

witness who was deposed for a full seven hours by CoorsTek (and was previously deposed in prior litigation on the same issues) should be subject to further deposition regarding issues protected by the attorney-client privilege.

### 1.    CoorsTek's Requested Relief for Further Examination of Atkin Is Improper.

CoorsTek improperly attempts to use this Motion to gain additional deposition time with Atkin.  Having no other means to obtain further deposition testimony from Atkin, CoorsTek requests broad, indefinite relief from the Court to reopen the deposition of Atkin on the basis that "CoorsTek is entitled to discover the nature and content of [] communications" between Atkin and the Reibers' patent counsel.  *See* Motion, p. 20.  CoorsTek made this broad request despite the fact that (1) the Reibers objected to a very specific set of roughly seven questions posed by CoorsTek on the basis of the attorney-client privilege (*see* Ex. A (11/6/09 Atkin Dep., 170:11-187:19)) and (2) Atkin has already provided the entirety of the seven hours permitted under the Rules 30 and 37 of the Federal Rules of Civil Procedure (and an additional seven hours during the ITC litigation).

These very same issues of attorney-client privilege were presented in the prior ITC litigation; and CoorsTek knew about these issues from Atkin's deposition transcript in that proceeding, but made no attempt to resolve them prior to Atkin's deposition in this litigation. *See* Ex. A (11/6/09 Atkin Dep., 171:25).  Instead, CoorsTek was silent as to this issue despite the fact that they planned to use (and did use) correspondence from the ITC litigation reflecting the parties' communications regarding this issue. *See* Ex. G (4/15/08 Atkin Dep., Exhibit 72 (Shaw Letter to Wessel Regarding Assertion of Attorney-Client Privilege).  CoorsTek should not be permitted to neglect to address known disputed issues of attorney-client privilege before a

deposition and then to subsequently bring the issues up at the deposition in an effort to create a

basis to extract additional testimony from Atkin – an individual not a party to the litigation who

has previously offered fourteen hours on the same issues.

      **2.**        **CoorsTek's Motion is Falsely Premised on a Fact Determination Which is Currently Being Litigated in California State Court.**

To support its basis for additional deposition time with Atkin, CoorsTek requests this

Court to make incomplete factual findings and weigh evidence that is currently being submitted

on similar issues by the same parties – Atkin and the Reibers – in a separate state court action in

California.  CoorsTek's argument that no attorney-client privilege exists between Atkin and the

Reibers' patent counsel depends entirely on CoorsTek's factually unsupported conclusion that

Atkin "was not a party to any non-disclosure agreement with Reibers." *See* Motion, p. 14. ███

███████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

      ███████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████████

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

Such activity constitutes a "detailed factual showing" that Atkin and the information sought from Atkin is subject to the attorney-client privilege, even under the standard cited by CoorsTek.  *See* Motion, p. 14 (*citing Horton v. United States*, 204 F.R.D. 670, 672 (D.Colo. 2002); *see also McCaugherty v. Siffermann*, 132 F.R.D. 234 (N.D.Cal.1990) (finding that communications between two independent consultants hired by the client and the client's lawyers were attorney-client privileged communications), c*ited with approval by In Re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994).

To the extent that any dispute of fact exists as to the status of Atkin's relationship with the Reibers and the Reibers' patent counsel, that is not a dispute that should be determined in this Motion.  Atkin has repeatedly made the self-serving (false) claim that he is an inventor and owner of certain of the Patents-in-Suit and has attempted to dissociate himself with the Reibers

and PE Ceramics for that purpose.  Because of such action, the Reibers were required to file a state court action in California to resolve this issue and refute Atkin's self-serving claims.  *See* Ex. H (California Complaint).

Moreover, the Reibers repeatedly requested both on and off the record for time to cross-examine Atkin as to his proffered testimony, including questions to further establish the basis and existence for the attorney-client privilege over Atkin's communications with the Reibers' patent counsel.  Those requests were denied by CoorsTek and Atkin.  *See* Ex. A (11/6/09 Atkin Dep., 217:4-23, 244:16-19, 259:18-19, 266:14-22).  CoorsTek should not be permitted to argue that Atkin's self-serving testimony – notwithstanding Atkin's admissions, noted above, which contradict CoorsTek's position – must be deemed findings of fact, in light of CoorsTek's refusal to proved the Reibers with an opportunity to cross-examine him on such issues and in light of the outstanding California state court litigation.

### 3. There Has Not Been a Waiver of the Attorney-Client Privilege Protecting Atkin's Communications with the Reibers' Patent Counsel.

The Reibers did not waive nor did they intend to waive the attorney-client privilege protecting Atkin's communications with the Reibers' patent counsel.  *See* Ex. M (Declaration of Mary Reiber); Ex. L (Declaration of Steven Reiber).  In its Motion, CoorsTek asserts that the attorney-client privilege protecting communications between Atkin and the Reibers' patent counsel was waived based on the following specific actions:

(1)    "the Reibers produced a February 8, 1999 fax reflecting communication between Dr. Atkin and the Reibers' Patent Counsel;"

(2)     "the Reibers permitted Dr. Atkin to testify, to a degree, at deposition about his

        meeting with Patent Counsel in a related proceeding before the International

        Trade Commission ("ITC");"

(3)     "Mary Reiber voluntarily testified to the nature and substance of Dr. Atkin's

        communications with Patent Counsel;" and

(4)     "the Reibers put Dr. Atkin's communications with Patent Counsel directly at issue

        by arguing that Dr. Atkin was not a third-party co-inventor, but rather a "mere

        scrivener" for the Reibers in this case and in a separate suit brought by the

        Reibers against Dr. Atkin in California state court."

**None of these actions constitute a waiver of the attorney-client privilege.**  The fax
from Atkin to Steven Reiber reflects information that was included in the Reibers' provisional
patent application, which was subsequently made public record.  This communication, which
was from Atkin to Steven Reiber, does not waive the attorney-client privilege as to
communications between Atkin and the Reibers' patent counsel.  Nor is it a waiver of all
discussions and conversations with the Reibers' patent counsel that are protected by the attorney-
client privilege.

CoorsTek's assertion that "the Reibers permitted Dr. Atkin to testify, to a degree, at
deposition about his meeting with Patent Counsel in a related proceeding before the International
Trade Commission ("ITC")" is simply wrong.  ████████████████████████
█████████████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████

████████████████████████ CoorsTek reference to aspects of Atkin's November 6, 2009

deposition is similarly misleading. *See* Motion Motion, pp. 6-7 (citing 11/6/09 Atkin Dep.,

179:25-180:6). ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████

     Similarly, Mary Reiber did not "voluntarily testif[y] to the nature and substance of

Dr. Atkin's communications with Patent Counsel." *See* Motion, p. 7 (citing 3/12/08 M. Reiber

Dep., 136:7-14). ███████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████ Under CoorsTek's (incorrect) theory of attorney-client privilege waiver,

if CoorsTek knows (or the Reibers testify) that the Reibers' patent counsel was going to be

involved in prosecuting patents for the Reibers, all communications with patent counsel would

similarly be deemed unprotected by the attorney-client privilege.  This is simply not the case.

    Lastly, the Reibers did not put Dr. Atkin's communications with patent counsel directly

at issue via interrogatory responses which mention Atkin and "by arguing that Dr. Atkin was not

a third-party co-inventor, but rather a "mere scrivener" for the Reibers in this case and in a

separate suit brought by the Reibers against Dr. Atkin in California state court." *See* Motion, pp.

18-19.  The Reibers identification of Atkin in the Reibers' interrogatory response bears no

relationship between any possible waiver of attorney-client communications between Atkin and

the Reibers' patent counsel.  In the interrogatory response, Atkin is identified as a co-owner and

employee of PE Ceramics who was involved in work for the Reibers. *See* Motion, Ex. C, pp. 20-21. Communications between Atkin and the Reibers' patent counsel are not referenced or disclosed. Similarly, no communications between Atkin and the Reibers' patent counsel are referenced or disclosed in the Reibers' state law complaint in California or Steve Reiber's declaration in support of the Reibers motion for summary judgment against Atkin in that same action. *See* Ex. H (California Complaint), Ex. K (Steve Reiber Declaration). No waiver of the privilege occurred.

**C.    Sanctions Against CoorsTek Should Be Provided to the Reibers.**

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorneys fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances makes such an award unjust). FED. R. CIV. P. 37(a)(5); *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1124-25 (6th Cir. 1976). The burden is on the losing party affirmatively to demonstrate that is position was substantially justified. Adv. Comm. Notes to 1970 Amendment to former FED. R. CIV. P. 37(a)(4). Here, Rule 37 of the Federal Rules of Civil Procedure expressly prohibited CoorsTek from bring this Motion in this Court and attorneys' fees should be awarded to the Reibers accordingly.[1]

---

[1] The Reibers will submit documentation to support the award amount of attorneys' fees as requested.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, the Reibers respectfully request the Court to deny CoorsTek's

Motion and award attorneys' fees to the Reibers pursuant to Rule 37.


Dated this 10th day of December, 2009.

                              Respectfully submitted,

                               s/ *Christopher P. Grewe*
                              Robert Yorio
                              Kenneth Wilson
                              Colby Springer
                              Christopher R. Grewe
                              CARR & FERRELL LLP
                              2200 Geng Road
                              Palo Alto, California 94303
                              Telephone: (650) 812-3453
                              Facsimile: (650) 812-3444

                              ATTORNEYS FOR DEFENDANTS
                              STEVEN F. REIBER AND MARY L. REIBER

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01133–KT–CBS

COORSTEK, INC.,

      Plaintiff,

v.

STEVEN F. REIBER and
MARY L. REIBER,

      Defendants and Counterclaimants,

v.

COORSTEK, INC.,

      Counterdefendant.

---

**EXHIBIT A TO DEFENDANTS' OPPOSITION TO COORSTEK, INC.'S
EXPEDITED MOTION TO COMPEL DISCOVERY OF COMMUNICATIONS
BETWEEN ROBERT ATKIN AND DEFENDANTS' PATENT COUNSEL**

---

**SUBMITTED UNDER SEAL**

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01133–KT–CBS

COORSTEK, INC.,

      Plaintiff,

v.

STEVEN F. REIBER and
MARY L. REIBER,

      Defendants and Counterclaimants,

v.

COORSTEK, INC.,

      Counterdefendant.

---

**EXHIBIT B TO DEFENDANTS' OPPOSITION TO COORSTEK, INC.'S
EXPEDITED MOTION TO COMPEL DISCOVERY OF COMMUNICATIONS
BETWEEN ROBERT ATKIN AND DEFENDANTS' PATENT COUNSEL**

---

**SUBMITTED UNDER SEAL**

Exhibit C



# REDACTED



REDACTED

*Anza*

**P.E. Ceramic Co.**
Ceramics for the World

**DR. ROBERT ATKIN**

1935 Industrial Drive
Auburn, California 95603
(530) 823-7897  FAX (530) 823-7898
E-mail: sales@peceramics.com
www.peceramics.com

REDACTED

**PEC**

EXHIBIT C                                        REIB000001

Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01133–KT–CBS

COORSTEK, INC.,

      Plaintiff,

v.

STEVEN F. REIBER and
MARY L. REIBER,

      Defendants and Counterclaimants,

v.

COORSTEK, INC.,

      Counterdefendant.

---

**EXHIBIT D TO DEFENDANTS' OPPOSITION TO COORSTEK, INC.'S
EXPEDITED MOTION TO COMPEL DISCOVERY OF COMMUNICATIONS
BETWEEN ROBERT ATKIN AND DEFENDANTS' PATENT COUNSEL**

---

**SUBMITTED UNDER SEAL**

# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01133–KT–CBS

COORSTEK, INC.,

       Plaintiff,

v.

STEVEN F. REIBER and
MARY L. REIBER,

       Defendants and Counterclaimants,

v.

COORSTEK, INC.,

       Counterdefendant.

---

**EXHIBIT E TO DEFENDANTS' OPPOSITION TO COORSTEK, INC.'S
EXPEDITED MOTION TO COMPEL DISCOVERY OF COMMUNICATIONS
BETWEEN ROBERT ATKIN AND DEFENDANTS' PATENT COUNSEL**

---

**SUBMITTED UNDER SEAL**

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01133–KT–CBS

COORSTEK, INC.,

      Plaintiff,

v.

STEVEN F. REIBER and
MARY L. REIBER,

      Defendants and Counterclaimants,

v.

COORSTEK, INC.,

      Counterdefendant.

---

**EXHIBIT F TO DEFENDANTS' OPPOSITION TO COORSTEK, INC.'S
EXPEDITED MOTION TO COMPEL DISCOVERY OF COMMUNICATIONS
BETWEEN ROBERT ATKIN AND DEFENDANTS' PATENT COUNSEL**

---

**SUBMITTED UNDER SEAL**

# Exhibit G

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

777 South Figueroa Street
Los Angeles, California 90017

Greer N. Shaw
To Call Writer Directly:                    (213) 680-8400                         Facsimile:
213 680-8240                                                                      (213) 680-8500
gnshaw@kirkland.com                     www.kirkland.com                      Dir. Fax: 213 808-8159

April 14, 2008

**VIA E-MAIL**

Bruce A. Wessel
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

             Re:    ITC Investigation No: 337-TA-616

Dear Bruce:

        Thanks for your April 11 letter regarding Dr. Atkin.

        You first inquire whether Dr. Atkin signed a confidentiality agreement. Complainants
are not aware of such an agreement signed by Dr. Atkin. However, as you know, P.E. Ceramics
and the Reibers entered into an executed NDA, dated December 9, 1998. *See* REIB024965-66.
The Reibers understood Dr. Atkin to be a principal of P.E. Ceramics, and that his work for them
was covered by the P.E. Ceramics NDA. To their knowledge, Dr. Atkin acted consistently with
this.

        You next state that "a client is free to waive a privilege when he or she wants to do so."
This assertion is inapposite. No one is claiming Dr. Atkin was a client of the Reibers' patent
attorneys. The Reibers are the client. The privilege is theirs to control. Dr. Atkin is not and has
never been authorized to waive their privilege or otherwise disclose their privileged information
to Respondents.

        Regarding your final point, the Reibers have asserted the attorney-client privilege over
communications between Dr. Atkin and the Reibers' patent counsel, and of course, privileged
communications between the Reibers and their patent counsel. Respondents are free to ask Dr.
Atkin questions as long as they do not induce or attempt to induce, absent the presence of
counsel for the Reibers, Dr. Atkin to reveal the content of privileged communications.

Chicago       Hong Kong       London       Munich       New York       San Francisco       Washington, D.C.

EXHIBIT "G"

Bruce A. Wessel
April 14, 2008
Page 2

     Finally, Complainants request that all documents and materials produced by Dr. Atkin in response to the subpoena, together with his deposition transcript, be designated Confidential Business Information subject to Order No. 1.

              Sincerely,

              Greer N. Shaw

cc:   Kevin Baer, Esq. (kevin.baer@usitc.gov)
      Reiber Counsel (Reiber_Team@kirkland.com; Reiber337@milchev.com)
      Western Digital Counsel (westerndigital-itc@alston.com; WDC-Reiber@irell.com)
      Seagate Counsel (DC-337Seagate@hellerehrman.com)
      TAIS Counsel (tais@steptoe.com)
      HP Counsel (ml-hp-itc@goodwinprocter.com)
      Dell Counsel (reiberinvestigation@bakerbotts.com)

K&E 12699137.

# Exhibit H

1  KENNETH B. WILSON (SBN 130009)
   kwilson@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  CARR & FERRELL *LLP*
   2200 Geng Road
4  Palo Alto, California 94303
   Telephone: (650) 812-3400
5  Facsimile: (650) 812-3444

6  Attorneys for Plaintiffs
   STEVEN and MARY REIBER
7

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

DEC 1 0 2008

JOHN MENDES
**EXECUTIVE** OFFICER & CLERK
By Brandi Burke Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF PLACER

10

11  STEVEN REIBER and                    CASE NO.  **S CV 2 4 0 4 7**
    MARY REIBER,
12
              Plaintiffs,
13                                        **COMPLAINT FOR**
    v.                                    **DECLARATORY RELIEF**
14
    P.E. CERAMICS CO.,
15  ROBERT ATKIN, and DOES 1-10 inclusive
16            Defendants.

17

18        Plaintiffs Steven and Mary Reiber (the "Reibers") hereby allege for their Complaint against

19  defendants P.E. Ceramics Co. ("PE Ceramics"), Robert Atkin ("Atkin") and Does 1-10

20  (collectively referred to as "Defendants"), on personal knowledge as to their own activities and on

21  information and belief as to the activities of others, as follows.

22                              **THE PARTIES**

23

24        1.    Plaintiffs Steven and Mary Reiber are individuals who reside in Placer County,

25  California. The Reibers are pioneers in the development of ceramic bonding tips for bonding

26  electrical connections, and have received not less than six United States Patents for their inventive

27  efforts. The Reibers formerly did business under the name MSJ Company.

28
                                    Exhibit H

2.      Of particular relevance for purposes of this action, the Reibers own United States Patents Nos. 6,354,479, 6,651,864, and 6,935,548.  These Patents are generally directed to dissipative ceramic bonding tips, devices comprising such tips, methods of making such tips, and methods of using such tips.  The Reibers jointly own all rights, title, and interest in and to these patents, which have never been assigned.

3.      Defendant PE Ceramics is or was an entity of unknown organizational status with a principal place of business in Placer County, California.

4.      Defendant Atkin is a former owner and/or employee of PE Ceramics.  The Reibers are informed and believe that Atkin worked for PE Ceramics out of its offices at 1935 Industrial Drive, Auburn, California.

5.      The true names and capacities, whether individual, corporate, or otherwise, of Defendants Does 1-10 are currently unknown to the Reibers.  The Reibers therefore have identified these Defendants by fictitious names.  The Reibers believe that each of the Doe Defendants is in some manner responsible for the acts and events alleged in this Complaint.  The Reibers will amend this Complaint to allege the Doe Defendants' true names and capacities when they are ascertained.

6.      At all relevant times, each of the Defendants was the agent, joint venturer and/or employee of each of the remaining Defendants, and in engaging in the conduct set forth in this Complaint, each was acting within the course and scope of said agency, employment and joint venture with the advance knowledge, acquiescence or subsequent ratification of each and every remaining Defendant.

**BACKGROUND ALLEGATIONS**

7.      In or about November 1998, the Reibers entered into discussions with defendant PE Ceramics whereby PE Ceramics was to perform certain consulting services for the Reibers.  In connection with this relationship, on or about December 9, 1998, the Reibers (under their MSJ Company name) entered into a written Non-Disclosure Agreement with PE Ceramics.  This Non-Disclosure Agreement provided in relevant part that "[a]ny and all enhancements, improvements, additions, data and formulations in any manner related to the ceramics made, developed or

1   recommended by P.E. Ceramics Co. shall be and remain the property of MSJ COMPANY, and P.E.

2   Ceramics Co. shall have no ownership rights with regard to the same." The Non-Disclosure

3   Agreement further states that "[i]n the event suit or action is instituted to enforce any of the terms

4   of this Agreement, the prevailing party shall be entitled to recover from the other party such sums

5   the Court may adjudge reasonable as attorney fees at trial or on appeal of such suit or action in

6   addition to all sums provided by law."

7       8.      After entering into this agreement, Mr. Atkin, on behalf of PE Ceramics, performed

8   certain consulting services for the Reibers. Such consulting services included drafting a technical

9   description of the Reibers' latest bonding tip inventions. This description was to be used in

10  connection with the preparation of a patent application, and Mr. Atkins essentially acted as a

11  scrivener in documenting the inventive concepts conceived by the Reibers. The Reibers used a

12  portion of this technical description in preparing a provisional patent application entitled

13  Dissipative Ceramic Bonding Tip that was filed with the U.S. Patent Office on or about February

14  25, 1999 (the "Provisional Application").

15      9.      On or about March 12, 2002, the U.S. Patent Office issued U.S. Patent No.

16  6,354,479, entitled Dissipative Ceramic Bonding Tip (the "'479 Patent"), to the Reibers. For

17  priority purposes, the '479 Patent claims the benefit of the Provisional Application. The Reibers

18  are co-inventors and joint owners of the '479 Patent.

19      10.     On or about November 25, 2003, the U.S. Patent Office issued U.S. Patent No.

20  6,651,864, entitled Dissipative Ceramic Bonding Tool Tip (the "'864 Patent"), to the Reibers. The

21  '864 Patent is a continuation-in-part of U.S. patent application Ser. No. 09/514,454, filed Feb. 25,

22  2000, which issued as the '479 Patent, and which claimed the benefit of the Provisional

23  Application. The Reibers are co-inventors and joint owners of the '864 Patent.

24      11.     On or about August 30, 2005, the U.S. Patent Office issued U.S. Patent No.

25  6,935,548, entitled Dissipative Ceramic Bonding Tool Tip (the "'548 Patent"), to the Reibers. The

26  '548 Patent is a continuation of the application that issued as the '864 Patent, and like the '864

27  Patent, is a continuation-in-part of U.S. patent application Ser. No. 09/514,454, filed Feb. 25, 2000,

28

1  which issued as the '479 Patent, and which claimed the benefit of the Provisional Application.  The

2  Reibers are co-inventors and joint owners of the '548 Patent.

3        12.      Notwithstanding the terms of the Non-Disclosure Agreement, the Reibers are

4  informed and believe and on that basis allege that defendant Atkin has indicated that he and/or one

5  of more of the other Defendants may have an individual ownership interest in the '479 Patent, the

6  '864 Patent and/or the '548 Patent (collectively referred to as the "Reiber Patents") by virtue of the

7  consulting work he performed for the Reibers on behalf of PE Ceramics.

8

9                        **FIRST CAUSE OF ACTION**
                            (Declaratory Relief)
10

11        13.      The Reibers hereby reallege and incorporate by reference the allegations of

12  paragraphs 1 through 12 above as if fully set forth in this Paragraph.

13        14.      The Reibers are the owners of all right, title and interest in the Reiber Patents.

14  Moreover, the Reibers are the owners of any enhancements, improvements, additions, data and/or

15  formulations that are in any manner related to any ceramics made, developed or recommended by

16  Defendants in connection with the consulting work they performed for the Reibers.

17        15.      The Reibers are informed and believe and on that basis allege that Defendant Atkin

18  has suggested that he and/or one or more of the other Defendants has an ownership interest in

19  certain enhancements, improvements, additions, data and/or formulations related to ceramics that

20  he claims that he and/or one or more of the other Defendants made, developed and/or recommended

21  to the Reibers, and has further suggested that he and/or one or more of the other Defendants has an

22  ownership interest in the Reiber Patents.

23        16.      Paragraph 8 of the Non-Disclosure Agreement expressly precludes any claim of

24  ownership by Defendants regarding any enhancements, improvements, additions, data and/or

25  formulations that are in any manner related to any ceramics made, developed or recommended by

26  PE Ceramics or defendant Atkins as part of their consulting arrangement with the Reibers, and

27  further precludes any claim of ownership by Defendants of the Reiber Patents.  Moreover, any

28

1  claim of ownership in the Reiber Patents by Defendants would be barred under the statute of

2  limitations based on well-established legal authority.

3      17.    As a result of Mr. Atkin's claims, a valid and justiciable controversy exists between

4  the Reibers and Defendants, and the Reibers desire a judicial determination and declaration of the

5  parties' respective rights concerning the ownership of the technology at issue.  Such a

6  determination is necessary and appropriate at this time in order for the parties to ascertain their

7  respective rights and duties regarding ownership of the technology at issue.

8      18.    The Reibers are informed and believe that unless Defendants are enjoined from

9  asserting that they have an ownership interest in the technology at issue and/or the Reiber Patents,

10  the Reibers will suffer irreparable harm for which there is no remedy at law.  Accordingly, the

11  Reibers are entitled to temporary, preliminary and/or permanent injunctive relief against such

12  actions.

13

14  **PRAYER FOR RELIEF**

15      WHEREFORE, the Reibers request that the Court enter judgment in their favor and against

16  Defendants on their Complaint as follows:

17  A.    Declaring that Defendants do not have any ownership interest in any enhancements,

18          improvements, additions, data and/or formulations that are in any manner related to

19          any ceramics made, developed or recommended by PE Ceramics or defendant

20          Atkins in connection with the consulting work they performed for the Reibers;

21  B.    Declaring that Defendants do not have any ownership interest in any or all of the

22          Reiber Patents;

23  C.    Issuing temporary, preliminary and permanent injunctive relief against Defendants,

24          and all other persons in active concert or privity or in participation with them,

25          enjoining them from asserting that they have an ownership interest in the technology

26          at issue and/or the Reiber Patents;

27  D.    Awarding the Reibers their costs of suit, including reasonable attorney's fees to the

28          extent permitted by law; and

1    E.    Granting such other and further relief as the Court may deem just and proper.

2

3    Dated:  December 8, 2008                    CARR & FERRELL *LLP*

4

5                                        By: _Kenneth B Wil_____

6                                            KENNETH B. WILSON
                                             COLBY B. SPRINGER

7                                        Attorneys for Plaintiffs

8                                        STEVEN and MARY REIBER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit I

1  KENNETH B. WILSON (SBN 130009)
   kwilson@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  CHRISTOPHER P. GREWE (SBN 245938)
   cgrewe@carrferrell.com
4  CARR & FERRELL *LLP*
   2200 Geng Road
5  Palo Alto, California 94303
   Telephone: (650) 812-3400
6  Facsimile:  (650) 812-3444

7  Attorneys for Plaintiffs
   STEVEN and MARY REIBER

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF PLACER

10

11  STEVEN REIBER and              CASE NO. S-CV-24047
    MARY REIBER,
12                                 **NOTICE OF MOTION AND**
            Plaintiffs,            **PLAINTIFFS' MOTION FOR**
13                                 **SUMMARY JUDGMENT;**
        v.                         **MEMORANDUM OF POINTS AND**
14                                 **AUTHORITIES**
    P.E. CERAMICS CO.,
15  ROBERT ATKIN, and DOES 1-10 inclusive,  **Date:**        December 22, 2009
                                            **Time:**        8:30 a.m.
16          Defendants.                     **Court:**       Dept. 40
                                            **Action Filed:** December 10, 2008
17

18

19          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

20          **PLEASE TAKE NOTICE** that on December 22, 2009 at 8:30 a.m., in Department 40 of

21  this Court, located at the Santucci Justice Center, 10820 Justice Center Drive, Roseville, California

22  95678, plaintiffs Steven Reiber and Mary Reiber (the "Reibers") will move the Court, pursuant to

23  Code of Civil Procedure section 437c, for summary judgment in favor of the Reibers and against

24  defendant Robert Atkin ("Atkin").  This motion is made on the ground that any claim of ownership

25  in U.S. Patent No. 6,354,479, U.S. Patent No. 6,651,864, and U.S. Patent No. 6,953,548 (the

26  "Reiber Patents") by Atkin is barred under the relevant statutes of limitations.

27

28

*F I L E D*
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

SEP 1 0 2009

EXECUTIVE OFFICER & CLERK
By J. Weaver, Deputy

1      The motion will be based on this notice, the attached Memorandum of Points and

2  Authorities, the Separate Statement of Undisputed Material Facts, and the supporting Declaration of

3  Steven Reiber filed with this motion, the files and records in this action, and any further evidence or

4  argument that the Court may properly receive at or before the hearing.

5

6  Dated:  August 28, 2009                           CARR & FERRELL *LLP*

7

8                                                          By: _____

9                                                          KENNETH B. WILSON
                                                            COLBY B. SPRINGER
10                                                         CHRISTOPHER P. GREWE

11                                                         Attorneys for Plaintiffs
                                                            STEVEN and MARY REIBER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(Case No. S-CV-24047)

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS ........................................ 1

III.    ARGUMENT ........................................................................................................... 3

      A.      Legal Standard ............................................................................................. 3

      B.      The Undisputed Facts Demonstrate that Any Claim of Ownership in
             the Reiber Patents by Atkin is Barred Under the Statute of Limitations
             as a Matter of Law. ....................................................................................... 3

IV.     CONCLUSION ....................................................................................................... 5

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
(Case No. S-CV-24047)

1

## <u>TABLE OF AUTHORITIES</u>

2

### CASES

3    *Aguilar v. Atlantic Richfield Co.*
     (2001) 25 Cal.4th 826...................................................................................3

4

5    *General Bedding Corp. v. Echevarria,*
     947 F.2d 1395, 1398 (9th Cir. 1991)............................................................1

6    *Hartley Pen Co. v. Lindy Pen Co.,*
     16 F.R.D. 141, 157 (S.D. Cal. 1954)...........................................................4

7

8    *International Business Machines Corp. v. Zachariades,*
     1993 WL 443409, *2 (N.D. Cal. Oct. 27, 1993) ...................................1, 4

9

10   *International Business Machines Corp. v. Zachariades,*
     70 F.3d 1278 (9th Cir. 1995)................................................................1, 4

11

12   *Jolly v. Eli Lilly & Co.*
     (1988) 44 Cal.3d 1103...............................................................................3

13

14   *Mann v. Cracchiolo,*
     (1985) 38 Cal.3d 18...................................................................................3

15   *Monolith Portland Midwest Co. v. Kaiser Alum. & Chem. Corp.,*
     407 F.2d 288 (9th Cir. 1969).....................................................................5

16

17   *Villa v. McFerren*
     (1995) 35 Cal.App.4th 733........................................................................3

18

19   *Wine Ry. Appliance Co. v. Enterprize Ry. Equip. Co.,*
     297 U.S. 387, 393, 56 S.Ct. 528, 529 (1936) ..........................................3

20

### STATUTES

21

22   CAL. CIV. CODE § 3426.6 (West 2008)......................................................5

23   CAL. CIV. PRO. CODE § 437c(c) (West 2008) ...........................................3

24   CAL. CIV. PROC. CODE § 338 (West 2008) ...............................................5

25   CAL. CIV. PROC. CODE § 339 (West 2008) ...............................................5

26

27

28

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
(Case No. S-CV-24047)

1
2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

3    Plaintiffs Steven Reiber and Mary Reibert (the "Reibers") are the registered owners and

4 named inventors of U.S. Patent Nos. 6,354,479, 6,651,864, and 6,935,548 (the "Reiber Patents").

5 Defendant Robert Atkin ("Atkin") knew that the Reibers were filing the patent application from

6 which the Reiber Patents issued; indeed, Atkin provided a technical disclosure for inclusion in that

7 application.  Nonetheless, Atkin waited for years after issuance of the patents to make any claim of

8 ownership in the patents, and to this day he has not formally initiated an ownership claim.

9    Under well established case law, any claim that Atkin had to ownership of these patents

10 expired on August 30, 2008, three years after issuance of the last of the Reiber Patents. *General*

11 *Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1398 (9th Cir. 1991); *International Business*

12 *Machines Corp. v. Zachariades*, 1993 WL 443409, *2 (N.D. Cal. Oct. 27, 1993), *aff'd in part and*

13 *rev'd in part*, 70 F.3d 1278 (9th Cir. 1995).  Accordingly, the Reibers are entitled to judgment as a

14 matter of law on their claim for declaratory relief that they own the Reiber Patents, the sole claim in

15 their Complaint, and summary judgment should be entered to that effect.

16

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

17

18    On or about February 25, 1999, the Reibers filed a provisional patent application –

19 Provisional Ser. No. 60/121,694 – entitled Dissapative Ceramic Bonding Tip (the "Provisional

20 Application") with the U.S. Patent Office. [*See* Exhibit A][1]  The Provisional Application and the

21 Reiber Patents are generally directed to dissipative ceramic bonding tips, devices comprising such

22 tips, methods of making such tips, and methods of using such tips. [Reiber Decl., ¶ 2]

23    Prior to the filing of the Provisional Application, Atkin was requested to, and did, draft a

24 technical description of the materials for use in the Reibers' bonding tip inventions in connection

25

26 _____

27 [1] A copy of the U.S. Patent No. 6,354,479 Patent, which references Provisional Ser. No. 60/121,694 and its filing, is attached as Exhibit A to the declaration of Steven Reiber in support of this motion

28 ("Reiber Decl.").  Unless otherwise noted, all exhibits referenced herein are attached to that declaration.

-1-

1    with the preparation of the Provisional Application. [Reiber Decl., ¶ 7]  Atkin was informed and

2    therefore was aware that the purpose of the technical description he was preparing was for use in a

3    patent application. [*Id.*]  Atkin communicated and sent copies of that technical description to the

4    Reibers' patent counsel that handled the prosecution of the Provisional Application and the Reiber

5    Patents, and a portion of that technical description was used in the Provisional Application. [*Id.*]

6         On or about March 12, 2002, the U.S. Patent Office issued U.S. Patent No. 6,354,479,

7    entitled Dissipative Ceramic Bonding Tip (the "'479 Patent"), to the Reibers. [*See* Exhibit A]  A

8    portion of the technical description drafted by Atkin appears verbatim in the '479 Patent.  [*Id.*]  For

9    priority purposes, the '479 Patent claims the benefit of the Provisional Application. [*Id.*]

10        On or about November 25, 2003, the U.S. Patent Office issued U.S. Patent No. 6,651,864,

11   entitled Dissipative Ceramic Bonding Tool Tip (the "'864 Patent"), to the Reibers. [*See* Exhibit B]

12   The '864 Patent incorporates the '479 Patent by reference and claims the benefit of the Provisional

13   Application for priority purposes. [*Id.*]

14        On or about August 30, 2005, the U.S. Patent Office issued U.S. Patent No. 6,935,548,

15   entitled Dissipative Ceramic Bonding Tool Tip (the "'548 Patent"), to the Reibers. [*See* Exhibit C]

16   Like the '864 Patent, the '548 Patent incorporates by reference the '479 Patent, and like the '864

17   Patent, the '548 Patent claims the benefit of the Provisional Application for priority purposes. [*Id.*]

18        On or about December 10, 2008, the Reibers filed a Complaint for Declaratory Relief

19   asserting that Atkin does not have any ownership interest in the Reiber Patents because, *inter alia*,

20   any claim of ownership in the Reiber Patents would be barred under the statute of limitations. [*See*

21   Complaint for Declaratory Relief, ¶ 16 (filed December 10, 2008) ("Complaint")]  On or about May

22   5, 2009, Atkin filed his Answer to the Complaint, generally denying the allegations of the

23   Complaint. [*See* Answer to Complaint (filed May 5, 2009)]  Atkin did not file a counterclaim

24   alleging ownership in the Reiber Patents.

25        Atkin has never filed a claim alleging ownership in the Reiber Patents.  And no ownership

26   interest in the Reiber Patents has ever been assigned to Atkin. [Reiber Decl., ¶ 1]

27

28

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
(Case No. S-CV-24047)

# III.     ARGUMENT

## A.     Legal Standard

Summary judgment must be granted when the papers presented in support of the moving party establish that no issue of material fact exists to be tried and that the moving party is entitled to judgment as a matter of law. CAL. CIV. PRO. CODE § 437c(c) (West 2008); *Mann v. Cracchiolo*, (1985) 38 Cal.3d 18, 35; *Villa v. McFerren* (1995) 35 Cal.App.4th 733, 741. "While resolution of the statute of limitations issue is normally a question of fact, where the uncontradicted facts established through discovery are susceptible of only one legitimate inference, summary judgment is proper." *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112. The court must grant the motion if "there is no issue requiring a trial as to any fact that is necessary under the pleadings and, ultimately, the law." *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (internal citations and quotations omitted).

## B.     The Undisputed Facts Demonstrate that Any Claim of Ownership in the Reiber Patents by Atkin is Barred Under the Statute of Limitations as a Matter of Law.

Summary judgment for the Reibers and against Atkin must be granted because any claim that Atkin might have for ownership would be barred by the relevant statutes of limitations. More specifically, any possible claims that Atkin might assert for ownership of the Reiber Patents accrued on August 30, 2005, the day the most "recent" patent – the '548 Patent – issued. Atkin's window of time to assert such claims therefore closed on August 30, 2008, or three years after the latest issue date. Since Atkin still has not formally asserted a claim of patent ownership, the Reibers are entitled to a declaration that any such claim is foreclosed as a matter of law.

It is well established that issuance of a patent and recordation in the patent office constitute notice to the world of its existence and contents. *Wine Ry. Appliance Co. v. Enterprize Ry. Equip. Co.*, 297 U.S. 387, 393, 56 S.Ct. 528, 529 (1936). Thus, the issuance of a patent gives constructive notice of possible claims of ownership if the patent reveals information sufficient to alert a reasonable person of the need to inquire further. *General Bedding Corp. v. Echevarria*, 947 F.2d 1395, 1398 (9th Cir. 1991). And failure to assert a claim of ownership within three years of

-3-

1    issuance of a patent has been held to bar any such ownership claim as a matter of law. *See e.g.,*

2    *International Business Machines Corp. v. Zachariades*, 1993 WL 443409, *2 (N.D. Cal. Oct. 27,

3    1993), *aff'd in part and rev'd in part*, 70 F.3d 1278 (9th Cir. 1995) (citing *General Bedding*, 947

4    F.2d at 1398); *see also Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 157 (S.D. Cal. 1954)

5    (charging party with presumptive notice of the issuance of a patent sufficient to start accrual of

6    statute of limitations).

7         For example, in *International Business Machines*, the defendant, an employee at IBM

8    performed work on ultra-high molecular weight polyethylene ("UPE").  The employee had agreed

9    in his employment agreement not to disclose or appropriate confidential information relating to his

10   work and agreed to assign to IBM all inventions or ideas he conceived of while working there.

11   *International Business Machines*, 1993 WL 443409, at * 1.  While he was still working for IBM,

12   the employee applied for and was issued a patent for an invention relating to UPE materials.  Five

13   years after the patent was issued, IBM sued the employee for breach of fiduciary duty, fraudulent

14   concealment, and misrepresentation. The court granted summary judgment that IBM's ownership

15   claims were time-barred because the issuance of the patent put IBM on constructive notice.  The

16   court reasoned that the employee's patent on UPE materials should have aroused IBM's suspicions

17   because the patent covered a subject area on which the employee worked while at IBM and was

18   within the scope of IBM's business interests. *Id.* at *2.

19        Applying this rule, Atkin had constructive notice of the issuance (and therefore the existence

20   and contents) of the patents at issue in this case by no later than August 30, 2005.  Moreover, Atkin

21   had actual notice that such patents might issue because he prepared and provided the Reibers'

22   patent lawyer with a technical description of the materials for use in the Reibers' bonding tip

23   inventions in connection with the preparation of the original Provisional Application.  [*See* Reiber

24   Decl, ¶ 7 and Exhibit D]  Indeed, portions of Atkin's technical description appear verbatim in one

25   of the issued Reiber Patents and are incorporated by reference into the others.  [*See e.g.,* Reiber

26   Decl., ¶ 7 and Exhibits A and D]

27        Put another way, as of August 30, 2005, Atkin had constructive notice that three patents had

28   issued to the Reibers on subject matter for which he provided a technical description, that the

1    patents contained material that he provided to the Reibers' patent attorney, and that the patents

2    issued in the Reibers' names alone.  This information certainly should have alerted Atkin of any

3    possible claims that Atkin might have to inventorship (and thus ownership of these patents). *See*

4    *International Business Machines, supra*.  Therefore, the statutes of limitations on any claim Atkin

5    might attempt to make to ownership of these patents began to run, at the latest, on August 30, 2005.

6        Although it is unclear what legal claim Atkin might now bring for ownership of these

7    patents, any conceivable claim would have a limitations period of no more than three years. *See*

8    *e.g.,* CAL. CIV. PROC. CODE § 338 (West 2008) (claims based on fraud must be brought within three

9    years); CAL. CIV. PROC. CODE § 339 (West 2008) (claims based on unwritten contract must be

10   brought within two years); CAL. CIV. CODE § 3426.6 (West 2008) (California Uniform Trade

11   Secrets Act claims must be brought within three years); *Monolith Portland Midwest Co. v. Kaiser*

12   *Alum. & Chem. Corp.*, 407 F.2d 288 (9th Cir. 1969) (California common law misappropriation

13   claims must be brought within two years).   Accordingly, any possible claim that Atkin could have

14   made to ownership of the Reiber Patents expired on August 30, 2008, and the Reibers are entitled to

15   judgment as a matter of law that Atkin can no longer assert any such claim.

16

17                    **IV.    CONCLUSION**

18       Because the statute of limitations bars any possible claim that Atkin may have to ownership

19   of the Reiber Patents, the Reibers' motion for summary judgment should be granted.  Accordingly,

20   the Reibers respectfully request the Court should enter final judgment in their favor and against

21   Atkin in this action.

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
(Case No. S-CV-24047)

1

Dated: August 28, 2009

CARR & FERRELL *LLP*

2

3

By: *Christopher Grewe*

4

KENNETH B. WILSON
COLBY B. SPRINGER
CHRISTOPHER P. GREWE

5

6

Attorneys for Plaintiffs
STEVEN and MARY REIBER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT
(Case No. S-CV-24047)

# Exhibit J

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF     CALIFORNIA

COORSTEK, INC., Plaintiff

V.

STEVE REIBER AND MARY REIBER, Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  08-cv-1133-KT-CBS (D. Colo.)

TO:  ROBERT ATKIN c/o Julie Turner, Esq., Turner Boyd LLP,
      2625 Middlefield Road, #675, Palo Alto, CA  94306

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Carr and Ferrell, LLP, 2200 Geng Road, Palo Alto, CA 94303 <br> See attached Notice of Deposition of Robert Atkin | DATE AND TIME <br> 11/6/2009 8:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE <br> 10/30/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jared B. Briant, Faegre & Benson, LLP, 1700 Lincoln Street, Suite 3200, Denver, CO 80203 (303) 607-3500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT J

AO88  (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# Exhibit K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01133–KT–CBS

COORSTEK, INC.,

      Plaintiff,

v.

STEVEN F. REIBER and
MARY L. REIBER,

      Defendants and Counterclaimants,

v.

COORSTEK, INC.,

      Counterdefendant.

---

**EXHIBIT K TO DEFENDANTS' OPPOSITION TO COORSTEK, INC.'S
EXPEDITED MOTION TO COMPEL DISCOVERY OF COMMUNICATIONS
BETWEEN ROBERT ATKIN AND DEFENDANTS' PATENT COUNSEL**

---

**SUBMITTED UNDER SEAL**

# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 08-cv-01133-KT-CBS

COORSTEK, INC.,

        Plaintiff,

v.

STEVEN F. REIBER, and
MARY L. REIBER,

        Defendants,

v.

COORSTEK, INC.,

        Counter-Defendant.

**DECLARATION OF STEVEN F. REIBER REGARDING COMMUNICATIONS
BETWEEN ROBERT ATKIN AND THE REIBERS PATENT COUNSEL**

I, Steven F. Reiber, declare:

1.      I am one of the defendants in the above-referenced action.  I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.

2.      Mary Lou Reiber and I (the "Reibers") are the registered owners and named inventors of U.S. Patent Nos. 6,354,479, 6,651,864, 6,935,548, and 7,023,802 (the "Reiber Patents").  The Reiber Patents are generally directed to dissipative ceramic bonding tips, devices comprising such tips, methods of making such tips, and methods of using such tips.  For priority purposes, the Reiber Patents claim the benefit of Provisional Ser. No. 60/121,694, a provisional

EXHIBIT L

patent application entitled Dissapative Ceramic Bonding Tip that was filed with the U.S. Patent Office on or about February 25, 1999 (the "Provisional Application").

3.     Robert Atkin ("Atkin") was requested to, and did, certain work in connection with the preparation of the Provisional Application.

4.     In relation to that work, Atkin represented to me that he was a principle in P.E. Ceramics and provided me with a business card that stated the same.

5.     It was my understanding that work done by Atkin for the Reibers was covered the NDA between the Reibers and P.E. Ceramics.

6.     I have never authorized Atkin to waive the attorney-client privilege.

7.     I have never waived the attorney-client privilege.

8.     I have never intended to waive the attorney-client privilege.

Executed this 10th day of December, 2009 in _Rocklin_ , California.

_St— R.L_

Steven Reiber

2

# Exhibit M

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 08-cv-01133-KT-CBS

COORSTEK, INC.,

       Plaintiff,

v.

STEVEN F. REIBER, and
MARY L. REIBER,

       Defendants,

v.

COORSTEK, INC.,

       Counter-Defendant.

_____

**DECLARATION OF MARY L. REIBER REGARDING COMMUNICATIONS
BETWEEN ROBERT ATKIN AND THE REIBERS PATENT COUNSEL**
_____

       I, Mary L. Reiber, declare:

       1.      I am one of the defendants in the above-referenced action.  I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.

       2.      Steven F. Reiber and I (the "Reibers") are the registered owners and named inventors of U.S. Patent Nos. 6,354,479, 6,651,864, 6,935,548, and 7,023,802 (the "Reiber Patents").  The Reiber Patents are generally directed to dissipative ceramic bonding tips, devices comprising such tips, methods of making such tips, and methods of using such tips.  For priority purposes, the Reiber Patents claim the benefit of Provisional Ser. No. 60/121,694, a provisional

EXHIBIT M

patent application entitled Dissapative Ceramic Bonding Tip that was filed with the U.S. Patent Office on or about February 25, 1999 (the "Provisional Application").

     3.     Robert Atkin ("Atkin") was requested to, and did, certain work in connection with the preparation of the Provisional Application.

     4.     In relation to that work, Atkin represented to me that he was a principle in P.E. Ceramics and provided me with a business card that stated the same.

     5.     It was my understanding that work done by Atkin for the Reibers was covered the NDA between the Reibers and P.E. Ceramics.

     6.     I have never authorized Atkin to waive the attorney-client privilege.

     7.     I have never waived the attorney-client privilege.

     8.     I have never intended to waive the attorney-client privilege.

Executed this 10th day of December, 2009 in _Rocklin,_ California.

_Mary L Reiber_
Mary L. Reiber

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 10, 2009, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO COORSTEK, INC.'S EXPEDITED MOTION TO COMPEL DISCOVERY OF COMMUNICATIONS BETWEEN ROBERT ATKIN AND DEFENDANTS' PATENT COUNSEL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons at the given email addresses:

Natalie Hanlon-Leh
Peter J. Kinsella
Nina Y. Wang
Jared B. Briant
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
nhanlon@faegre.com
pkinsella@faegre.com
nwang@faegre.com
jbriant@faegre.com

*s/ Christopher P. Grewe*

16