# EXHIBIT A

Case 1:08-cv-01133-KMT-CBS   Document 132-2   Filed 01/20/2010   USDC Colorado   Page 1 of 5

**FILED**
PLACER COUNTY
SUPERIOR COURT OF CALIFORNIA

JAN 1 1 2010

By Sharon Fast-Crow, Deputy

# THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF PLACER

STEVEN REIBER, et al., )
    )
    Plaintiffs,    )
    )
v.    )    CASE NO. SCV-24047
    )
P.E. CERAMICS CO., et al.,    )    RULING ON SUBMITTED
    )    MATTER; ORDER THEREON
    Defendants.    )
    )

This matter came on for hearing on January 5, 2010, re the motion of plaintiffs for summary judgment. Plaintiffs were represented at the hearing by attorney Joshua Masur. Defendants were represented at the hearing by attorney Christopher Grewe. The court heard the arguments of counsel and took the matter under submission.

Plaintiffs' motion for summary judgment is granted. The requested judgment seeks a declaration that defendant Atkin is barred by the applicable statute of limitations from claiming an ownership interest in patent numbers 6354479, 6651864, and 6953548. The undisputed material facts show that, since the issuance of the patents, more than three years have

passed, and Atkin has not made any claim of ownership of the patents. Atkin did not challenge plaintiffs' cited authority establishing a three-year statute of limitations for challenging ownership of an issued patent.

Atkin argues at length that he enjoys an unending right to claim he invented all or part of the subject matter of the patents. That issue is not before the court. As made clear in Xechem Intern., Inc. v. Univ. of Tex. M.D. Anderson Cancer Center (Fed.Cir. 2004) 382 F.3d 1324:

> [I]nventorship can be corrected only in federal court, but ownership issues are generally the province of the state courts. Although the Federal Circuit has held that inventorship is determined under federal law . . . state courts can apply federal law to issues properly before the state court . . . . Federal preemption of causes arising under the Patent Act does not include matters of ownership or license. In Jim Arnold Corp. v. Hydrotech Sys., Inc. 109 F.3d 1567, 1577 (Fed.Cir. 1997) this court held that although an assignment and royalty agreement concerned patent property, that did not remove from the state courts the various disputes concerning property rights. Similarly, in Prize Frize, Inc. v. Matrix (U.S.), Inc. 167 F.3d 1261 (9th Cir. 1999) the Ninth Circuit held that an alleged deprivation of patent ownership through various unlawful or unfair actions was not a claim under federal law; the court cited Jim Arnold for the holding that "[c]laims concerning patent ownership do not create federal jurisdiction." 167 F.3d at 1264.

Id. at 1332.

Moreover, the cases cited by defendant do not address the specific issues of this case, but rather address issues regarding disputes over inventorship. Here, plaintiffs are not seeking declaratory relief related to inventorship of the subject patents.

At the time of the hearing on this motion, counsel for defendant Atkin stated that his client had filed an action in federal court re determination

of inventorship. This complaint was apparently filed after defendant filed his opposition to this motion, but before plaintiffs filed their reply. The court makes no finding or comment on the merits of Atkin's claim of inventorship, nor on the effect this court's ruling on this motion may have in the federal court case.

The motion for summary judgment is granted.

IT IS SO ORDERED.

Dated: January 11, 2010

/s/ Margaret E. Wells
Margaret E. Wells
Commissioner

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF PLACER

Case No:       S-CV-24047
Case Name:     STEVEN REIBER, et al., vs. P.E. CERAMICS CO., et al

I am employed by Placer County, State of California. I am over the age of 18 years and not a party to the above-entitled action. My business address is 10820 Justice Center Dr., Roseville, California, 95678. On January 11, 2010, I served the following document described as:
RULING ON SUBMITTED MATTER;
ORDER THEREON
by placing a true copy thereof for collection and mailing so as to cause it to be mailed on the above date, following standard court practices, in sealed envelopes addressed as follows:

JOSHUA MASUR, ESQ.
2625 MIDDLEFIELD RD, #675
PALO ALTO, CA 94306


CHRISTOPHER GREWE, ESQ.
2200 GENG ROAD
PALO ALTO, CA 94303


I am 'readily familiar' with the County's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. postal service and/or interoffice mail on that same day with postage thereon fully prepaid at Roseville, California, in the ordinary course of business.

I declare under penalty of perjury the laws of the State of California that the above is true and correct.

Dated and executed at Roseville, California on January 11, 2010.

By: _____
S. FastCrow, Deputy Clerk